## Manufacturing Company v. Donahoe.

JUSTICE OF THE PEACE: *Jurisdiction.*

> Although the statute (*Mansf. Dig., sec. 4054,*) provides that whenever a justice of the peace shall be satisfied that a jury sworn in a cause before him cannot agree, he may discharge them and issue a summons for another to appear at a time "*not more than three days distant,*" he does not lose jurisdiction over the subject matter of the action by continuing it in such case for a period exceeding three days. And if the defendant appears on the day to which the action is thus continued, and goes into trial before the justice, he thereby confers jurisdiction of his person.

APPEAL from *Pulaski* Circuit Court.
F. T. VAUGHAN, Judge.

*E. W. Kimball* for appellant.

The justice had jurisdiction of the subject matter of the suit, and the appellee by voluntarily appearing, consenting to the continuance, and, going to trial, waived any right she may have had under Mansfield's Digest, sections 4048, 4064, to object, and the justice acquired jurisdiction of her person.

BATTLE, J.   This action was commenced before a justice of the peace on a note for fifty dollars.   The summons was made returnable on the 22d of January, 1884.   On that day both parties appeared and the cause was tried, and the jury disagreed, when it was, by agreement of parties, continued to the 26th of the same month, when both parties appeared and it was tried, and the jury again disagreed, when it was continued to the 28th of the same month, when both parties appearing it was again tried and the jury returned a verdict for the defendant.   Judgment was rendered against plaintiff in favor of defendant, and plaintiff appealed to the Circuit Court. In the Circuit Court the defendant moved the court to dismiss the action because the justice did not have jurisdiction at the time he rendered final judgment; and the court sustained the motion, dismissed the action, rendered judgment against plaintiff in favor of defendant, and plaintiff appealed to this court.

The record fails to disclose the reason why the Circuit Court held that the justice did not have jurisdiction.   But it is evident that the ground of dismissal was the continuance of the action by the justice from the 22d to the 26th of January ; and that the action of the court was based on section 4064 of Mansfield's Digest, which reads as follows :

" Whenever a justice of the peace shall be satisfied that a jury sworn in a cause before him, after having been out a reasonable time, cannot agree on their verdict, he may discharge them, and shall issue immediately a new summons for another to appear, at a time therein fixed, *not more than three days distant*, unless the parties consent that the justice may render judgment upon the evidence already before him, which, in such case, he may do ; or, unless they consent that the new trial, upon a new hearing of the evidence to be adduced by the parties, shall be by the justice."

In construing this statute the Circuit Court, doubtless, held that the justice lost jurisdiction by the continuance of the action

for a period exceeding three days. This was manifest error. For it is clear that the justice did not lose jurisdiction of the subject matter of the action by the continuance ; and, as to the jurisdiction of the person, this court has repeatedly held, that when the defendant had appeared before a justice of the peace, had the benefit of a trial on the merits, and an appeal had been taken to the Circuit Court, he could not then be heard to say that the justice had no jurisdiction of his person. No question arises here as to the effect of the continuance by agreement. When the defendant appeared and went into trial before the justice on the 26th she thereby gave him jurisdiction of her person. The motion ought to have been overruled. *Sykes v. Laferry, 25 Ark., 99; McKee v. Murphy, 1 Ark., 55; Townsend v. Timmons, 44 Ark., 482.*

Judgment reversed and cause remanded.