FRANKLIN vs BOTTOMS et al.

Opinion delivered September 23, 1903.

1  .*Certiorari—Proper Remedy to Vacate Void Judgment.*

Certiorari, not appeal, is the proper remedy of a defendant against whom judgment has been rendered which is void because of lack of jurisdiction of either the person of defendant or subject matter of the action.

2.  *U. S. Commissioners—Jurisdiction—Not Lost by Continuance for More than Three Days.*

Although Sec. 4048 Mansf. Dig. (2728 Ind. Ter. Stat.) is a part of Chap. 91, Mansf. Dig. extended over the Indian Territory by Act of Cong. Mar. 1, 1895, and provides that a continuance of a case by the United States Ccommissioner for more than three days, entails a loss of jurisdiction of the person of the defendant; yet the force of such section is limited by the provision of Act, Mar. 1, 1895, that the judges of the districts may fix the times and places of such commissioner's courts, so that U. S. Commissioners in the Indian Territory may continue a case from one term to another without loss of jurisdiction.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Certiorari by C. E. Franklin against W. A. Bottoms and William Pfeiffer. Writ denied. Petitioner appeals. Affirmed.

On October 17, 1899, appellee Bottoms (plaintiff below) filed his complaint against appellant, Franklin (defendant below), before appellee Pfeiffer, United States commissioner at Wynnewood. Summons was issued and served returnable

November 22d, but on that day, plaintiff not being ready for trial, the case was continued, and alias summons was issued and served returnable December 18th. On December 18th, over the objection of both parties, the commissioner continued the case until January 15, 1900. On January 12th the commissioner notified counsel for both parties that, on account of smallpox at Wynnewood, he would not hold court at that place on January 15th, and that the case would be continued until February 19th. On. February 19th the commissioner entered a nunc pro tunc order as of January 15th, continuing the case until February 19th. On February 19th the defendant appeared specially before the commissioner, and filed a motion to dismiss because the court had lost jurisdiction both of the subject, matter and, of the defendants' person. This motion was overruled, and; the defendant refusing to appear. further, judgment was taken against him by default. On March 6, 1900, the defendant filed in the United States court at Pauls Valley, his petition for writ of certiorari to vacate this judgment because the commissioner had lost jurisdiction both of the subject, matter and of the person. The court denied the writ, from which action this appeal is taken.

*J. B. Thompson*, for appellant.   *A. C. Cruce*, for appellees.

CLAYTON, J.  The first question for us to consider is the contention of the appellees that a. writ of certiorari in this case was not the proper remedy, because the defendant had an adequate remedy by appeal. But we do not think this contention tenable.  If the commissioner lost jurisdiction of the subject-matter or of the person of the defendant, then the judgment rendered in the case was absolutely void. If the commissioner had no jurisdiction, an appeal to the United States court would have accomplished nothing, because the jurisdiction of the United States court would depend upon the jurisdiction of the commis-

sioner, and, in the absence of jurisdiction in the commissioner, the only action the United States court could have taken would have been to dismiss the appeal, thus leaving the void judgment of the commissioner still outstanding, and nothing could have been accomplished by the appeal. McKee vs Murphy, 1 Ark. 55; Gregory vs Williams, 24 Ark. 177. In this case, however, we hold that the commissioner had jurisdiction of the subject-matter. The suit had been properly instituted before him in a matter of which he had cognizance, and no subsequent event could oust this jurisdiction. If he had lost jurisdiction of the defendant, unquestionably an alias summons, properly served, would have been the only thing necessary to do in order for him to proceed regularly with the trial. But, if the commissioner had no jurisdiction of the person of the defendant, any judgment he might render against him would be absolutely void, and he could not have availed himself of this objection by appeal because of filing his affidavit and appealing the case to the United States court he' would submit himself to the jurisdiction of that court, and the case would be there tried on its merits. K. C. S. & M. R. Co. vs Summers, 45 Ark. 295.

Counsel for appellees cite us to the case of Carolan vs Carolan, 47 Ark. 511, 2 S. W. 105, in support of their contention that certiorari will not lie where the error complained of can be corrected by appeal. But the facts in that case are entirely different from the case at bar. In that case the defendant had appeared and filed answer, and the justice of the peace struck the answer from the files because it was not verified, and the defendant refused to plead further, and judgment was rendered against him. An application for writ of certiorari was made to the circuit court to quash the judgment, and refused, and on appeal to the Supreme Court the judgment of the circuit court was affirmed on the ground that the error complained of could and should have been corrected by appeal. But in this case an

appeal would have afforded no relief, first, because, if the commissioner had no jurisdiction of the subject-matter, as contended by appellant, the appeal to the United States court must have been dismissed for want of jurisdiction in the United States court, thus leaving the void judgment of the commissioner still outstanding; or, second, if the commissioner had no jurisdiction of the person of the defendant, an appeal to the United States court would have conferred upon that court jurisdiction of his person, and thus he would have lost the very right on which his appeal was founded.

This brings us then, to a consideration of the question as to whether the court erred in refusing to issue the writ. Upon the proposition that the commissioner, had lost jurisdiction of the subject-matter, as has already been stated, we cannot agree with the contention of appellant. As a fundamental principle of law, jurisdiction once obtained remains until the case is finally disposed of. The commissioner acquired jurisdiction of the subject-matter by the filing of the complaint concerning a matter over which he had cognizance, and "when jurisdiction is once acquired, though the court may suspend the exercise of the power to proceed, the jurisdiction itself is not suspended." Brown on Jurisdiction, § 4. In the case of Manufacturing Company vs Donahoe, 49 Ark. 318, 5 S. W. 342, the Supreme Court, in passing upon this identical question, say: "In construing this statute the circuit court doubtless held that the justice lost jurisdiction by the continuance of the action for a period exceeding three days. This was manifest error; for it is clear that the justice did not lose jurisdiction of the subject-matter of the action by the continuance, and as to the jurisdiction of the person this court has repeatedly held that, when the defendant has appeared before a justice of the peace, had the benefit of a trial on the merits, and an appeal had been taken to the circuit court, he could not then be heard to say that the justice

had no jurisdiction of his person." The contention, therefore, that the commissioner had no jurisdiction of the subject-matter cannot be sustained. The question, therefore, as to whether the plaintiff was entitled to the writ, upon the ground that the commissioner continued the case for more than three days, depends upon whether or not the commissioner thereby lost jurisdiction of the person of the defendant. By virtue of Act Cong. March 1, 1895, c. 145, 28 Stat. 695, the civil jurisdiction and procedure of United States commissioners in the Indian Territory is regulated by chapter 91, Mansf. Dig. (chapter 41, Ind. Ter. St. 1899) , with this additional provision: "The judge of each district may fix the place where, or the time when, each commissioner shall hold his regular terms of court." Ind. Ter. St. 1899, § 48. It is conceded by appellee, and is undoubtedly true, that if section 4048, Mansf. Dig. (§2728, Ind. Ter. St. 1899), is in force in this jurisdiction without any restriction or qualification, the commissioner had no power to continue the case for more than three days; and, if he did so, he thereby lost jurisdiction of the defendant's person, and, before proceeding further, an alias summons must have been issued and served. But what is the logical and necessary inference to be drawn from the provision above quoted, whereby the judges of the various districts are given the power to fix the times and places for holding the commissioners' courts? In passing upon the correctness of the ruling of the lower court we must consider that that court took judicial knowledge of its own orders, and that this commissioner held regular terms of courts at the town of Wynnewood. It is also true a great many of the commissioners hold regular terms of court in two places. Could it be contended that because a commissioner had not finished the business before him at one place of holding court at the time he was compelled to leave and hold a regular term at another place, where he would be compelled to remain for more than three days, that he thereby lost jurisdiction of all

undisposed of cases? In Arkansas a justice of the peace holds court in only one place, and his court is always open for the transaction of business. There is nothing unreasonable then, in the provision that he shall not continue a case for more than three days; but in this jusrisdiction, where the commissioner holds regular terms of courts at different places, it would be unreasonable, and almost absurd, to say that the commissioner had not the power to continue a case until his next regular term. and that if he did so, he would lose jurisdiction to proceed with the case without issuing an alias summons. The record shows that a continuance of more than 30 days was had because of the prevalence of smallpox in the town of Wynnewood, and that the commissioner held no court in January at that place on that account. He was as much unable to try this case on this account as if he had been engaged in other business, and therefore had the right to continue the case. We therefore hold that the commissioner had jurisdiction both of the subject-matter of the action and of the person of the defendant, that the commissioner had the authority to render judgment and that the court below correctly refused to issue the writ of certiorari.

Let the judgment of the lower court be affirmed.

GILL, C. J. and RAYMOND, J.,concur.