CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. JABER.

Opinion delivered February 3, 1908.

1. RAILROAD—VENUE OF ACTION.—Where a railroad company, by license or by contract, regularly operates its trains over the tracks of another company, its road passes through the county over which are laid the tracks of the latter company, within Kirby's Digest, § 6068, providing that an action against a railroad company for an injury to person or property upon the road may be brought in any county through or into which the road passes. (Page 235.)

2. JURISDICTION OF PERSON—WAIVER OF OBJECTION.—Objection to jurisdiction of defendant's person is waived where answer is filed without preserving such objection. (Page 236.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

STATEMENT BY THE COURT.

The complaint was brought against the St. Louis & San Francisco Railroad Company and the Chicago, Rock Island & Pacific Railway Company as defendants, and alleged that the defendants were each railroad corporations authorized to do business in the State of Arkansas, and in the Fort Smith District of Sebastian County. That each of said defendants had agents in said county upon whom legal process might be served.

That the defendant, the St. Louis & San Francisco Railroad Company, had agents in the Fort Smith District of said county upon whom legal process might be served. That on the 12th day of July, 1906, and prior thereto, and ever since said date, each of said defendants had been carrying on a general railroad business in said county and State. That on the 12th day of July, 1906, plaintiff at the city of Little Rock, Arkansas, delivered to the defendant Chicago, Rock Island & Pacific Railway Company two boxes of goods, consisting of dry goods and notions, to be shipped over its line of railway and a line of railway belonging to the defendant St. Louis & San Francisco Railroad Company from the said city of Little Rock to the city of Fort Smith. That the said Chicago, Rock Island & Pacific Railway Company, for a certain hire and reward paid and agreed to be paid, contracted with plaintiff to transport and deliver in good condition both of said boxes of goods. That said defendant the Chicago, Rock Island & Pacific Railway Company negligently failed to carry out and comply with its contract in this behalf and negligently failed to transport and deliver one of said boxes of goods as it had agreed to do. That said box of goods, so lost by the negligence of said defendant, was of the value of $1,157.18.

Appellant, having obtained special leave therefor, appeared specifically and filed its motion to quash the summons and return thereon, as against it, for the following reasons:

"1. That the cause of action sued on is for injury to property and upon defendant's alleged liability as a carrier, and that the road of this defendant does not run through or into the Fort Smith District of Sebastian County.

"2. That there is no joint liability existing on the part of the defendant and its co-defendant, and therefore service cannot be had upon this defendant in the Greenwood District of Sebastian County."

On the hearing of this motion, the following testimony was introduced:

"Thomas S. Buzbee, a witness in behalf of the defendant, being duly sworn, testified as follows:

"I am attorney for the defendant Chicago, Rock Island & Pacific Railway Company, and am familiar with its lines of

railroad in the State of Arkansas. This defendant does not own nor operate any line of railroad in the Fort Smith District of Sebastian County, Arkansas. The Chicago, Rock Island & Pacific Railway runs a train from El Reno, Oklahoma Territory, to Fort Smith, Arkansas, leaving the Chicago, Rock Island & Pacific track at Wister, Indian Territory, and coming into Fort Smith, Arkansas, from that point over the St. Louis & San Francisco Railway's track without change of conductors or train crew. I don't know whether those operating the train are in the employ of the Chicago, Rock Island & Pacific Railway Company or the St. Louis & San Francisco Railroad Company."

The motion was overruled, and defendant saved its exceptions.

Appellant also filed its demurrer, which was overruled, and exceptions saved.

Appellant thereupon filed its answer specifically denying the allegations of the complaint. There was a jury trial, and judgment against appellant.

A motion for a new trial was filed, overruled, and an appeal taken to this court.

*Buzbee & Hicks,* for appellant.

The circuit court had no jurisdiction in this case, and the motion to quash the summons should have been sustained. Art. 14, § 5, Const.; Kirby's Digest, § 6068; 77 Ark. 417. For construction of a similar statute, Kirby's Digest, § 6776, see 70 Ark. 346. See also 67 Ark. 512; 72 Ark. 376. There is no joint cause of action here, and § 6072 does not apply. Moreover the language of that section excludes the right to bring the actions mentioned in the preceding sections, 6061 to 6071 inclusive, in any county other than the counties designated.

*Jo Johnson,* for appellee.

1. The circuit court had jurisdiction. Art. 7, § 11, Const.; Kirby's Digest, § § 6068, 6006, 6072; 45 Ark. 94; 21 S. W. 437.

2. If the court had no jurisdiction before, it acquired it when appellant filed its answer without reservation. 53 Ark. 181; 31 Ark. 58; 50 Ark. 443; 59 Ark. 583; 45 Ark. 295; 46 Ark. 251; 62 Ark. 144; 6 Ark. 459; 38 Ark. 102; 3 Ark. 436; 7 Ark. 100; 31 Ark. 229; 43 Ark. 545; 35 Ark. 95.

HART, J., (after stating the facts.)   The only error relied upon by counsel for appellant in their brief is that the court had no jurisdiction to try the case.   Kirby's Digest, § 6068, provides as follows: "An action against a railroad company, or an owner of a line of mail stages or other coaches, for an injury to person or property upon the road or line of stages or coaches of the defendant, or upon a liability as a carrier, may be brought in any county through or into which the road or line of stages or coaches of the defendant upon which the cause of action arose passes."   In construing this section, in the case of *Spratley* v. *Louisiana & Ark. Ry. Co.*, 77 Ark. 417, the court said: "The words 'may be brought' in this statute have the meaning of 'shall be brought,' and are mandatory."   This presents the question of whether the suit was brought in the wrong county.

The testimony shows that appellant does not own any line of railroad in the Fort Smith District of Sebastian County, but that it runs a train without change of conductors or train crew into Fort Smith, Arkansas, leaving its own track at Wister, Indian Territory and coming into the Fort Smith District of Sebastian County over the tracks of another company.   Under this state of facts, can it be said that appellant's road passes through or into the Fort Smith District of Sebastian County, within the meaning of section 6068 of Kirby's Digest?

Our statutes provide for the construction of stockguards by a railroad company where its road passes through or upon any enclosed lands of another.   This court has held that a railroad corporation of another State which leases a railroad in this State becomes subject to the statutory regulation in such cases. *St. Louis & S. F. Rd. Co.* v. *Hale*, 82 Ark. 175.   RIDDICK, J., speaking for the court, said: "But our statutes provide that any railroad corporation of another State leasing any railroad in this State shall become subject to all the regulations and provisions of law governing railroads in this State, and held liable for the violation of any such laws.   Kirby's Digest, § § 6732, 6743, 6757, 6758.   These provisions put the defendant in the same situation as the railroad company which first constructed the road, and any failure to obey the statute subjects it to the penalties pronounced by the statute."

Sec. 6758 of Kirby's Digest provides that a corporation of another State leasing a railroad in this State "may sue or be sued in all cases, and for the same causes and in the same manner, as a corporation of this State might sue or be sued if operating its own road." Sec. 6757 provides that if a railroad company of another State shall lease a railroad, the whole or a part of which is in this State, it shall be subject to all regulations and provisions of law governing railroads in this State. Sec. 6732 provides that the term railroad or railroad corporation shall mean all corporations operating any railroad in this State, whether as owner, contractor, lessee, mortgagee, trustee, assignee, or receiver. Sec. 7792 provides that "all general provisions, terms, phrases and expressions used in any statute shall be liberally construed, in order that the true intent and meaning of the General Assembly may be fully carried out."

Construing these sections together, we think the court was justified in holding that where a railroad corporation, by license or by contract, operates its trains over the tracks of another company, its road passes through the county over which is laid the track of the latter company. In other words, that its road passes through any county where its trains make regular trips, whether over its own track or that of another company, just as a line of mail stages would be said to pass through or into any county where its stages made regular trips.

We are of the opinion that the court was correct in holding that the venue was laid in the proper county.

The question of whether or not service was had upon the proper agent does not enter into the case; for there was no further protest about the service after the motion to quash the summons and return thereon was overruled. Appellant waived the jurisdiction of the person when it filed its answer without preserving its objection in that pleading. *Spratley* v. *Louisiana & Ark. Ry. Co.,* 77 Ark. 416.

Judgment affirmed.