WILLIAMS *v.* MONTGOMERY.

Opinion delivered May 27, 1929.

612

*G. W. Botts*, for appellant.

*Ingram & Moher*, for appellee.

HART, C. J. (after stating the facts). The circuit court quashed the service of summons on the defendants because they lived in the Northern District of Arkansas County, and were sued in the Southern Dis

trict of said county. Service was had upon one of the defendants in the Southern District and then upon the other in the Northern District.

There is nothing in our Constitution which prohibits the Legislature from dividing a county into judicial districts and defining the power and jurisdiction of the courts therein situated. *Walker* v. *State,* 35 Ark. 385; *Pryor* v. *Murphy,* 80 Ark. 150, 96 S. W. 445; *Bonner* v. *Jackson,* 158 Ark. 526, 251 S. W. 1; and *Murrell* v. *Exchange Bank,* 168 Ark. 645, 271 S. W. 1, 44 A. L. R. 1391.

As above stated, Arkansas County was divided into two judicial districts by the Legislature of 1913. Acts of 1913, page 192. Section 4 of the act prescribed the territorial jurisdiction of the circuit court for the Northern District, and in like manner for the Southern District. It contains a proviso that no citizen or resident of the Northern District shall be liable to be sued in the Southern District, nor shall any citizen or resident of the Southern District be liable to be sued in the Northern District, in any action whatever. Section 6 provides that, in order to ascertain in which of the respective districts actions cognizable in the circuit and chancery courts shall be returnable and tried, the said districts, for all the purposes of the acts, shall be considered as separate and distinct counties, and the mode and the place for trying suits shall be determined by the general law applicable to different counties.

Counsel for plaintiff relies for a reversal of the judgment upon the principles of law decided in *Saliba* v. *Saliba,* 178 Ark. 250, 11 S. W. (2d) 774. In that case the court held that, under a similar act creating two judicial districts in Mississippi County, a transitory action might be brought and maintained in either district in that county where the defendant was found and served with process. It will be noted, however, that in that case the defendant did not move to quash the service of summons, but filed an answer denying negligence on his part, and

pleaded contributory negligence and assumption of risk on the part of the plaintiff. Hence it will be seen that the court only had under consideration whether a transitory action could be maintained in one district where the defendant was found there and served with summons, and made no objection to the service of process upon him, but answered to the merits of the case. The result of the holding in that case is that an action in tort for personal injuries is purely an action *in personam*, and is therefore transitory, except as localized by acts dividing the county into two judicial districts. Consequently the court held that it had jurisdiction over the subject-matter of the suit because it was a transitory action, and that the defendant, having voluntarily appeared and answered when he was summoned, waived any question as to jurisdiction over him. The section of the statute providing that no citizen or resident of the Northern District shall be liable to be sued in the Southern District did not shift the venue of the subject-matter of the action, but was a provision executed for the benefit or protection of residents and citizens of the Northern and Southern Districts of said county. It was passed expressly as a matter of private right to the citizens and residents of each district, and no consideration of public policy beyond their rights is involved.

This brings the case under the well-settled principles that, where a court has general jurisdiction of the subject-matter of an action and a statute localizes the action as a personal right, the person whose right is affected may waive, and does waive, that right by answering and defending the action upon the merits. The requirement as to the district in the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived like any other privilege of personal right of this character. It is well settled that the defendant waives the jurisdiction of the person when he files an answer without preserving any objection to jurisdiction over his person,

and goes to trial on the merits. *C. R. I. & P. Ry. Co.* v, *Jaber,* 85 Ark. 232, 107 S. W. 1170; *Manufacturing Co.* v. *Donahoe,* 49 Ark. 318, 5 S. W. 342; and *Purnell* v. *Nichols,* 173 Ark. 496, 292 S. W. 686. There was no waiver here, and the court properly quashed the service of summons.

It follows that the judgment of the circuit court was correct, and it must be affirmed.