## BUFFINGTON v. VULCAN FURNITURE MFG. CORP.

Civ. No. 526.

United States District Court
W. D. Arkansas, El Dorado Division.
Nov. 28, 1950.

Wilson, Kimpel & Nobles and Walter L. Brown, all of El Dorado, Ark., L. B. Smead, Camden, Ark., for plaintiff.

John W. Barron (of Rose, Meek, House, Barron & Nash), Little Rock, Ark., for defendant.

JOHN E. MILLER, District Judge.

Complaint was filed in the Circuit Court of Ouachita County, Arkansas, to recover damages on behalf of the estate of Earl Walter and of his widow and next of kin as the result of a collision on a highway between a vehicle operated by the said Earl Walter and a vehicle operated by an employee of the defendant.

The case was removed to this court by the defendant on the basis of diversity of citizenship and the requisite amount in controversy.

After removal the defendant filed a motion to quash summons and to dismiss, which motion is now before the court for determination.

The facts are undisputed and appear from the complaint and the response of plaintiff to defendant's motion:

The deceased, Earl Walter, at the time of the collision was a resident of Chicot County, Arkansas, and the collision occurred in that county. Plaintiff, Marvin Buffington, is a resident of Chicot County, Arkansas, which is in the Eastern District of Arkansas, Western Division, whereas Ouachita County, where this suit was originally filed, is in the Western District of Arkansas, El Dorado Division. Defendant is a corporation organized and existing under the laws of the State of Alabama.

The substance of the contentions of the defendant, as reflected by its motion and supporting memoranda, is that venue was improperly laid in Ouachita County, Arkansas. It alleges that under the applicable laws of the State of Arkansas venue of a suit for damages for personal injury or death is confined to the county where the accident happened or the county in which the person injured or killed resided at the time of the accident, and if the Nonresident Motorist Acts are construed to enlarge that venue in the case of nonresident motorists to any of the courts of the State, such Acts, Act 40 of 1941, Ark. Stats.1947, §§ 27-341 and 27-342; Act 199 of 1949, Ark.Stats.1947, §§ 27-342.1, 27-342.2, 27-342.3, are unconstitutional in that they deny the defendant the equal protection of the laws, contrary to the provisions of the 14th Amendment to the Constitution of the United States. Defendant prays that the summons be quashed, the complaint dismissed for improper venue, and in the alternative, that the case be transferred to the Eastern District of Arkansas, Western Division.

Plaintiff, in opposition to the motion, contends that the Nonresident Motorist Acts do not deny the defendant the equal protection of the laws; that defendant has waived his objections to venue; and

that by virtue of the removal of the case, venue is proper in this court.

Defendant relies principally upon the case of Power Manufacturing Company v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 679, 71 L.Ed. 1165, which held that an Arkansas statute permitting statewide venue as to foreign corporations (whereas a resident could be sued only in the county where he resided or could be found, and a domestic corporation could be sued only in the county where it had an office, branch office or other place of business), as applied to the defendant which was doing business in Arkansas and had an office in the county where the accident happened, whereas suit was filed in another county, denied the defendant equal protection of the laws as guaranteed by the 14th Amendment. The court stated that absolute uniformity was not necessary, but it was required that "the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation." Power Manufacturing Company v. Saunders, supra.

The Supreme Court of Arkansas has held that the Nonresident Motorist Acts providing that "service of process herein shall be deemed sufficient service of summons and process to give to any of the courts of this State jurisdiction over the cause of action and over such non-resident owner * * *" confer statewide venue in such actions. Kelso v. Bush, 191 Ark. 1044, 1050, 89 S.W.2d 594; Alexander v. Bush, Judge, 199 Ark. 562, 565, 134 S.W.2d 519. The Arkansas Venue Acts, Act 314 of 1939, Ark.Stats.1947, § 27-610; Act 347 of 1947, Ark.Stats.1947, § 27-612, relied upon by the defendant were enacted subsequent to the first Nonresident Motorist Act and subsequent to the above decisions construing that Act.

The Venue Acts relied upon by the defendant limit venue to the county where the accident occurred which caused the injury or death, or the county where the person injured or killed resided at the time. Act 347 of 1947 expressly covers "all civil actions for the recovery of damages brought against a non-resident". See Vol. 1, Arkansas Law Review, page 212,

for discussion of the venue provisions of Act 347.

The court does not believe that it is necessary to determine whether or not venue was proper in the Ouachita Circuit Court. Therefore, it is unnecessary to interpret the apparently conflicting provisions of the Nonresident Motorist Acts and the "Venue Acts", and by reason thereof, the constitutional question is not reached. However, it is noted in passing that the provision of the Nonresident Motorist Acts, quoted above, expressly refers to "jurisdiction" and says nothing of "venue". Since Act 347 of 1947 expressly relates to "non-resident", it appears that there would need to be no conflict in the application of the Acts in the instant case. In other words, there is a clearly recognized distinction between "jurisdiction" and "venue", and while the Nonresident Motorist Acts give any court in the State jurisdiction, the Venue Acts control the venue, or the place where such action may be brought. Such an interpretation would avoid any constitutional question otherwise presented.

■■ In a removed action, the removal is "to the district court of the United States for the district and division embracing the place where such action is pending." Title 28, U.S.C.A. § 1441(a). The provisions pertaining to venue of actions originally filed in the United States District Courts are not applicable to removed actions, and venue is proper in a removed action when the case is removed to the district and division embracing the place where the action is pending even though venue would have been improper had the action been filed in the United States District Court originally. General Investment Company v. Lake Shore & Michigan Southern Railway Company, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Lee v. Chesapeake & Ohio Railway Company, 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Moss v. Atlantic Coast Line R. Co., 2 Cir., 157 F.2d 1005; Endicott v. Phillips Petroleum Co., 10 Cir., 172 F.2d 372, 374. As stated in Endicott v. Phillips Petroleum Co., supra: "While suits based on diversity of citizenship may be brought only in the District of the residence of either the plaintiff or the defendant, the same requirements do not exist in removal cases. An action properly begun in a State Court in a state in which neither the plaintiff nor the defendant resides may be removed to the Federal Court of the District of the State in which the suit is pending."

Thus, it follows in the instant case, since the removal was to the District and Division, Western District of Arkansas, El Dorado Division, embracing the county where the suit was pending, Ouachita County, Arkansas, that the venue of this court is proper. And, in so far as venue is concerned, it is the venue of this court, rather than the state court, which is controlling. The States cannot, by their laws, control, expand or restrict that venue. Doyle v. Loring, 6 Cir., 107 F.2d 337, 340; dissenting opinion of Mr. Justice Roberts in Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 179, 60 S.Ct. 153, 84 L.Ed. 167.

■ However, as expressed by Mr. Justice Brandeis in Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671: "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." See, also: General Investment Company v. Lake Shore & Michigan Southern Railway Company, supra, 260 U.S. at page 288, 43 S.Ct. 106; Venner v. Michigan Central Railroad Co., 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868.

■■ The important point for determination, therefore, is whether the Circuit Court of Ouachita County, Arkansas, had jurisdiction of the subject matter and of the parties, and the distinction between "jurisdiction" and "venue" should be borne in mind. Jurisdiction is fundamental and goes to the very power of the court to adjudicate, whereas venue is a personal privilege that may be asserted by the proper party or waived. As stated in Williams

v. Montgomery, 179 Ark. 611, 614, 17 S.W. 2d 875, 876: "This brings the case under the well-settled principles that, where a court has general jurisdiction of the subject-matter of an action, and a statute localizes the action as a personal right, the person whose right is affected may waive, and does waive, that right by answering and defending the action upon the merits. The requirement as to the district in the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived like any other privilege of personal right of this character. It is well-settled that the defendant waives the jurisdiction of the person when he files an answer without preserving any objection to jurisdiction over his person and goes to trial on the merits." See also: Mutual Benefit Health & Accident Ass'n v. Moore, 196 Ark. 667, 671, 119 S.W.2d 499.

■■ The instant case is a typical tort action arising out of an automobile collision, and by virtue of the applicable survival statutes, in so far as jurisdiction of the subject matter is concerned, may be prosecuted in any court of competent jurisdiction in the State, which, of course, includes the United States District Court. And, as expressly provided in Ark.Stats. 1947, § 27-342.3, service under the Nonresident Motorist Act shall give "any of the courts of this State jurisdiction over the cause of action and over such non-resident owner * * *". Therefore, in the opinion of the court, the Circuit Court of Ouachita County, Arkansas, had jurisdiction of the subject matter of this cause and by virtue of the service on the Secretary of State under the Nonresident Motorist Act (there is no contention that the requirements of the statute were not complied with) acquired jurisdiction of the person of the defendant. Thus, irrespective of whether venue in Ouachita County was proper or improper, had the defendant gone to trial without objection, that court would have had jurisdiction to render any appropriate judgment on the merits. Since that court had jurisdiction, this court acquired jurisdiction on removal, and any question of proper venue in the State court

became moot, because venue, under the Arkansas law, is not jurisdictional. When the removal petition was filed, the jurisdiction of this court attached, and the only concern of this court is its own jurisdiction and venue, which, as discussed above, is proper. It is true that the defendant waives nothing by the removal, and after removal, may object to jurisdiction of its person. However, so long as the court has jurisdiction of the subject matter, as it has in this case, process may be served or perfected in the Federal Court after removal. Title 28 U.S.C.A. § 1448.

As to the contention of the plaintiff that defendant has waived his right to object to venue, that doctrine is not applicable to the facts of this case, for as pointed out above, the venue of this court is proper by virtue of the removal to the district and division embracing the place where the suit was pending. The waiver doctrine has been applied in cases filed originally in the United States District Courts, with jurisdiction of the person of the defendant acquired under State Nonresident Motorist Statutes, when venue was not otherwise proper, that is, the District where the suit was filed was not the place of residence of either the plaintiff or defendant. See: Krueger v. Hider, D.C.E.D.S.C., 48 F.Supp. 708; Steele v. Dennis, D.C.Md., 62 F.Supp. 73; Knoop v. Anderson, D.C.N.D.Iowa, 71 F.Supp. 832; Urso v. Scales, D.C.E.D.Pa., 90 F.Supp. 653. See, however, Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53, where the Court of Appeals held to the contrary, reasoning under the "doing of acts" theory rather than "consent".

Defendant, in its motion, makes an alternative request for a transfer to the Eastern District of Arkansas, Western Division. Under Title 28 U.S.C.A. § 1404, the court may, in its discretion, transfer a case to any other district where it might have been brought. Since the plaintiff was and is a resident of the Eastern District of Arkansas, Western Division, and there is diversity and the requisite amount this action could have been brought in that District, so a transfer, upon a sufficient showing, would be proper. However, the defendant has not attempted to make a

showing of sufficient inconvenience to justify such a transfer. From the pleadings before the court, it does not appear that defendant will be subjected to any undue hardships or expenses in preparing and trying the case in the El Dorado Division of this District.

In accordance with the above, an order is being entered overruling the motion of the defendant to quash summons and to dismiss, and in the alternative to transfer.