In the Matter of the ESTATE OF M. L. LONG, Deceased.

No. 51882.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 4, 1979.

Released for Publication by Order of Court of Appeals Oct. 11, 1979.

Lyons & Dean by Gary J. Dean, Pryor, for appellants.

Wilkerson, Moore & Jay by Luke A. Wilkerson, Pryor, for appellees.

BOX, Judge:

An appeal by Wanda Long Heard and Juanita Long Vick from an order entered by the district court in the matter of the estate of M. L. Long.

In this action there are two purported wills, two petitions for probate, two will contests, and two groups of relatives aligned against each other. We will refer to one group as the "proponents" and the other as the "contestants." Mr. Long's survivors are:

"PROPONENTS": Imogene Long (widow)

Tara Long Mitchell (daughter)

London Leroy Mitchell (grandson, son of Mrs. Mitchell)

J. Mark Purnell (grandson, son of a predeceased daughter)

"CONTESTANTS": Wanda Long Heard (daughter)

Juanita Long Vick (daughter)

Mr. Long passed away on May 8, 1977. Unless specified otherwise, all dates in this opinion refer to the year 1977. On May 17 Mrs. Long filed a petition for the probate of a holographic will dated January 24, 1974. Hearing on that petition was set for May 31 before Judge Edwin M. Moore, and notice was mailed to all parties. On May 27 Juanita Vick filed a petition contesting the holographic will and a motion for a continuance. The only appearance at the May 31 hearing was made by Mr. Luke A. Wilkerson, the attorney for the proponents. However, the attorney for the contestants, Mr. John B. Turner, called the court. At the May 31 hearing Judge Moore certified his disqualification, continued the hearing, and transferred the cause to Judge William J. Whistler to be rescheduled and heard. Judge Whistler conducted all matters thereafter.

On June 3 Wanda Heard joined with Juanita Vick in filing a petition for the probate of a later, typewritten will dated August 13, 1974. The hearing on that petition was set for June 21, and notice was mailed to all parties. On June 21 the hearing on the typewritten will was continued until July 6, and notice was again mailed out.

On July 5 all of the proponents except London Leroy Mitchell joined in filing a petition contesting the typewritten will. At the hearing scheduled for July 6, only Mr. Wilkerson appeared. He informed the court that the parties and attorneys had agreed that the hearing on the typewritten will should be continued once more and should be conducted together with the hearing on the holographic will. The court ordered the hearing continued, to be reset with the setting of all other matters by agreement of the parties. On July 26 counsel for the proponents, counsel for the contestants, and the contestant Wanda Heard appeared before the court, and by agree-

ment trial on all matters was set for November 21.

The Journal Entry reflects what took place on the morning of November 21:

AND NOW on this 21st day of November, 1977, at 9:30 o'clock A.M., the above entitled matter comes on for hearing and trial pursuant to the setting of contested matters as set out above, with Imogene Long, Tara Gene Mitchell and Mark Purnell appearing by Luke A. Wilkerson, their attorney, with London Leroy Mitchell, appearing in person, and with no other appearances being made. The appearing parties announce ready for trial.

APPEARING counsel then announced that John B. Turner from Tulsa representing Wanda L. Long Heard and Juanita L. Vick had called and left word with the receptionist to the effect that he could not try these matters today; that this was the first and only indication appearing counsel had received from opposing counsel that opposing counsel would not be ready for trial on this date, and that appearing counsel had not agreed to any continuance and objected to any continuance; and that Mr. Turner had requested a call from the Judge.

Mr. Turner was called by the Judge of this Court and concluded thereafter that he should appear and the Court recessed until Mr. Turner could drive from Tulsa. Upon his appearance, he orally moved the Court for a continuance on behalf of his clients, to which opposing counsel objected.

The Court then heard and considered statements and argument of counsel and after being fully advised in the premises, finds that Wanda L. Long Heard was personally present on the 26th day of July, 1977, when these matters were set for trial on this date; that Juanita L. Vick was notified of that fact shortly thereafter; that no written motion for continuance of this hearing has ever been filed nor oral motion made prior to this date; and further finds from all of the statements and argument of counsel that the motion for continuance should be overruled, and it is ordered by the Court that the motion for continuance be and the same is hereby overruled.

THE COURT then directed the parties to proceed with the evidence and by agreement of the parties, evidence was first adduced in behalf of Imogene Long as proponent of the will dated the 24th day of January, 1974, and upon conclusion thereof said proponent rested. The Court then asked for any evidence in behalf of Wanda L. Long Heard or Juanita L. Vick in rebuttal or in support of the instrument propounded by them dated the 13th day of August, 1974. Their counsel stated that they had no evidence or witnesses available at that time and again moved for a continuance until the following day, but the Court has other contested matters set for trial in Claremore, Oklahoma, on the following day and it would be a matter of several weeks before time would be available to hear these matters, and a motion for continuance is again overruled.

The district court then admitted the proponents' will to probate and denied probate of the contestants' will.

On November 29 the contestants filed a motion for new trial through their present counsel, Mr. Gary Dean. The motion was set for hearing on January 3, 1978, and notice was mailed to all parties. On the day of the hearing the contestants' former counsel, Mr. Turner, filed a motion to withdraw, which was granted. The court overruled the contestants' motion for new trial, and they have lodged this appeal.

On appeal the contestants argue two propositions: (1) that the district court lacked jurisdiction to enter the order appealed from, and (2) that the district court abused its discretion.

### Jurisdiction of the District Court

The contestants argue that the district court lacked jurisdiction for two reasons. First, they argue that if a hearing on the probate of a will is continued, it must be continued to a day certain. 58 O.S.1971, § 28 provides:

At the time appointed for the hearing, or at the time to which the hearing may

have been postponed, the court, unless the parties appear, must require proof that the notice has been given, which being made, the court must hear testimony in proof of the will. If such notice is not proved to have been given, or if from any other cause it is necessary, the hearing may be postponed to a day certain. The appearance in court of parties interested is a waiver of notice.

In Oklahoma district courts have broad powers to continue cases. 12 O.S. 1971, § 667 provides in pertinent part:

The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just;
. . . .

Under this general statute, a continuance may be either until a "day certain" or indefinite. We do not read title 58, section 28 to always require a district court, when continuing a hearing on the probate of a will, to set a specific date *at that time* for the continued hearing. In the first place, choosing a specific date at the time of the continuance is not always desirable, or even (as with the holographic will in this case, where the matter is transferred from one judge to another) possible. Second, the language of the statute itself says that "the hearing *may* be postponed to a day certain." The statute contains no restriction on indefinite continuances. And finally, at some point in these matters a "day certain" always *will* be selected and the hearing set for that day. The power to continue a hearing indefinitely, then set a day certain shortly thereafter, gives the district courts much flexibility in setting and changing times for the convenience of the courts and the parties, and there would be no point in denying the district courts this flexibility. We hold that title 58, section 28 does not deprive the district court of jurisdiction if the district court continues the hearing on a will indefinitely. We also observe that a continuance, in and of itself, does not deprive the court of jurisdiction over the case. 17 C.J.S. *Continuances* § 102. In an early Indian Territory case, *Franklin v. Bottoms*, 4 Ind.T. 711, 76 S.W. 287, 287 (1903), the court held in the second paragraph of the syllabus:

A United States commissioner, having once obtained jurisdiction of the subject-matter by the filing of the complaint, does not lose it by continuance of the action.

As their second reason for the district court lacking jurisdiction, the contestants argue that they did not receive proper notice of the November 21 hearing. 58 O.S. 1971, § 25 provides:

When the petition for probate of a will is filed the court must fix a day for hearing said petition, not less than ten (10) nor more than thirty (30) days from the filing of the petition, and if the names and addresses of all heirs, legatees, and devisees of the testator are known to the petitioner and are set out in said petition, the court shall cause notice of such hearing to be given as provided in Title 58, O.S.S.Annot., Sec. 34; Laws 1969, c. 302, § 38, by mailing copies of such notice to all heirs, legatees, and devisees, postage prepaid, at their last known place of residence not less than ten (10) days prior to the date of said hearing; provided, however, if the name or address of one or more heirs, legatees, and devisees of the testator is not known to the petitioner, notice of the hearing of said petition shall be given by mailing, as above provided, and, in addition thereto, said notice shall be published in one issue of a newspaper, and in such case said hearing shall not be less than ten (10) days from the date of publication of such notice.

58 O.S.1971, § 26 provides in pertinent part:

Written or printed copies of the notice of the time appointed for the probate of the will, must be addressed to the heirs, legatees and devisees of the testator, at their places of residence, if known to the petitioner, and deposited in the postoffice, with the postage thereon prepaid by the petitioner, at least ten days before the hearing; . . . .

Notice of the initial hearing on the holographic will was mailed, and notice of the initial hearing and first continued hearing on the typewritten will was mailed,

but no other notice, and no notice of the final hearing set for November 21, was mailed. The contestants argue that the statutes required a separate notice of the November 21 hearing to be mailed to the heirs, legatees, and devisees. We do not think, however, that such a construction of the statutes was intended by the Legislature. When a petition for the probate of a will is filed, 58 O.S.1971, § 25 requires the court to set a hearing. That section and section 26 require notice of the hearing to be mailed to the heirs, legatees, and devisees. Nowhere do the statutes require a separate, formal notice to be mailed upon each continuance, however good a policy that may be. Before 1951, if a hearing was continued, notice of the new hearing time had to be given to parties who were absent at the initial hearing "as original notice is required to be given." 58 O.S.1941, § 28. But in 1951 the Legislature dropped the requirement that additional notice be sent to absentees. 1951 Okl.Sess.Laws p. 161. We think it clear, and we hold, that the statutes only require the mailing of formal notice one time, for the initial hearing. We therefore find that the district court had jurisdiction to admit the holographic will to probate and deny probate of the typewritten will.

### Discretion of the District Court

In their second proposition the contestants argue that the district court abused his discretion in not granting the contestants a continuance on November 21. We have carefully reviewed the record before us, and we find no abuse of the court's discretion.

It appears that the contestants' former counsel was under the impression that trial would not be held on November 21 because the case was not ready, depositions not having been taken. But he had never made a request for a continuance, and it appears that counsel for the proponents always conducted himself as if the trial *would* be held on November 21. The problem with getting depositions taken was not the fault of the proponents, and the proponents came to trial with a handwriting expert and an attorney from Claremore ready to testify. The trial date had been set for almost four months, and the matter had been pending for nearly six months. The judge could not continue the matter until the next day because he had to hear other contested matters in Claremore, and it would have been several weeks before he could have heard the case. The contestants' former counsel knew the trial date and knew that he had not requested a continuance, Wanda Heard had actual knowledge of the trial date, and the knowledge of their attorney is imputed to both Juanita Vick and Wanda Heard. *Bigsby v. Eppstein*, Okl., 135 P. 934, 934 (per curiam) (syllabus ¶ 1); *Eaton v. State*, Okl.Crim., 418 P.2d 710, 712 (syllabus ¶ 3). Under these circumstances, we hold that the district court did not abuse his discretion. There being no abuse of discretion, we will not reverse the district court. *Herbert v. Chicago, Rock Island & Pacific R.R.*, Okl., 544 P.2d 898, 900.

The order of the district court is hereby affirmed.

AFFIRMED.

ROMANG, P. J., and REYNOLDS, J., concur.