MORTON, *et al., v.* STATE, USE SECKENDORFF.

The declaration on an executor's bond for a legacy is fatally defective unless it alleges an order of the probate court to pay the legacy and a refusal by the executor.

*Held:* That the suit in this case could not be considered as based on the 191st section of the administrative statute, as it does not seek a recovery for the benefit of all persons interested in the estate, nor is the capacity in which the plaintiff sues averred.

*Error to Desha Circuit Court.*

Hon. WM. M. HARRISON, Circuit Judge.

COMPTON, J.

This was a suit in the name of the State for the use of Ernestine Von Seckendorff, against the principal and sureties in the bond of an executor.

The plaintiff assigned, in her declaration, four breaches of the condition of the bond; and the defendants failing to appear, judgment by default was entered against them. A jury was then ordered to inquire into the truth of the breaches, and assess the plaintiff's damages, who found for the defendants on the first breach, and for the plaintiff on the second, third and fourth breaches, and assessed her damages at $3,800; for which judgment was rendered, and the defendants brought error.

The judgment of the court below can not be sustained. The declaration, though evidently framed with a view to section 191, chap. 4, Gould's Dig., does not seek a recovery for the benefit of all persons interested in the estate, as under that section it should do, for the alleged waste and mismanagement of the estate, but proceeds, in the individual right of the plaintiff below, for the recovery of the value of a legacy for her sole benefit; which, it is alleged, was bequeathed to her by the testator, and by the executor converted to his own use, making the value of the legacy the measure of the damages claimed. Treating the action as founded on the refusal of the executor to pay the plaintiff below her legacy, the declaration is fatally defective; because it is nowhere averred that the probate court ordered him to pay it. Without such order, and refusal by the executor to obey it, on demand, there was no right of action on his bond. If the suit could be regarded—and we think it can not—as based on the 191st section of the statute, the declaration is equally defective; because, if for no other reason, the capacity in which the plaintiff below sues, whether as legatee, distributee, creditor, or other person interested in the estate, is not averred, such persons only being entitled to sue under this section of the statute. These views are in accordance with the decisions of this court in *State, use of Wallace, v. Ritter, 9 Ark., (4 Eng.,) 244; Porter v. State, use, &c., id., 226;* and *Gordon v. State, use, &c., 11 Ark., (6 Eng.,) 12,* where the questions here involved are fully discussed and settled.

Judgment reversed, and cause remanded, with leave to the plaintiff in the court below to amend her declaration.