ARKANSAS, LOUISIANA & GULF RAILWAY COMPANY *v.* KENNEDY.

Opinion delivered November 18, 1907.

1. EMINENT DOMAIN—RIGHT OF RAILROAD TO APPEAL.—Kirby's Digest, § 2954, providing that where damages from a railroad company's right-of-way has been assessed it shall be the duty of such railroad company to deposit or pay the amount assessed within thirty days after such assessment, does not prohibit the railroad company from appealing from the assessment, nor require that payment of the assess-

ment be made until the cause has been finally determined where an appeal has been taken. (Page 365.)

2. SAME—RIGHT TO SUPERSEDEAS.—Where a railroad company brought condemnation proceedings, and appealed from a judgment fixing the assessment of damages to the property, and executed a supersedeas bond, the bond will not be quashed because, after the judgment was rendered, the railroad company unlawfully took possession of the property without paying the assessment. (Page 366.)

Appeal from Ashley Circuit Court; *Thomas E. Mears,* Special Judge; motion to dismiss appeal and quash supersedeas denied.

*G. W. Norman, E. A. Bolton, J. C. Norman* and *E. G. Hammock,* for appellant.

*Robert E. Craig,* for appellee.

PER CURIAM. This is a motion to dismiss the appeal and quash the supersedeas. The suit is an ordinary condemnation proceeding, brought by the railroad company against a landowner, which proceeded to judgment. No payment was made, but an appeal was prayed and granted, and a supersedeas bond was given, and the transcript lodged here.

Appellee files an affidavit showing that the railroad company, after judgment and before appeal, took possession of the land in controversy. It is argued that under sections 2954-7, Kirby's Digest, the failure to make such payment within thirty days left nothing for the railroad company to appeal from, as all rights to take the property terminated on the expiration of the thirty days without such payment having been made.

This provision for payment within thirty days means thirty days after the assessment is finally determined; and the amount is not finally determined until the cause has been determined on appeal, when an appeal is taken. Pending the appeal, the railroad company has no right to take possession of the land. 15 Cyc. 927. There is a method prescribed by statute whereby possession may be taken on deposit being made of an amount to be determined by the circuit judge. These statutes have been construed by this court in Ex parte *Reynolds,* 52 Ark. 330; *Reynolds* v. *Ry. Co.,* 59 Ark. 171. To hold otherwise than that the thirty days for payment begins when the judgment is finally determined on appeal would be to deny the railroad company

the right to appeal; and it is settled that the Legislature can not deny the right to appeal to this court. *St. Louis & N. A. Rd. Co.* v. *Mathis,* 76 Ark. 184. If these statutes called for such construction, they would be unconstitutional; and that construction is never placed upon a statute unless too plain to be avoided. The motion to dismiss the appeal is not well taken.

As to the motion to quash supersedeas: If the right to appeal exists, then the statutes governing appeals must be read into the statutes providing for condemnation proceedings. The fact that the railroad company has unlawfully taken possession does not oust the jurisdiction of the court to determine the questions involved in the appeal. *Board Directors of St. Francis Lev. Dist.* v. *Redditt,* 79 Ark. 154.

The landowner could have prevented the railroad company from taking possession of the land. *Organ* v. *Memphis & L. R. Rd. Co.,* 51 Ark. 235, 264. While a landowner has not, since the passage of the act of 1883 (sections 2903-5 Kirby's Digest), the right to eject a railroad company when it unlawfully takes possession of his land for railroad purposes, yet he has an adequate remedy at law therefor. *McKennon* v. *Ry. Co.,* 69 Ark. 104. And he may proceed in equity to restrain it from taking possession unless the railway company pursues the statutory method of lawfully obtaining it.

It is thus seen that the landowner is amply provided with all necessary remedies against oppression by the railroad company, and there is no reason why the railroad company has not the right to appeal from an assessment of damages like any other civil proceeding. The motion to quash the supersedeas is therefore not well taken.