## Kelso *v.* Bush.

4-4190

Opinion delivered December 23, 1935.

*Buzbee, Harrison, Buzbee & Wright,* for petitioner.
*J. H. Lookadoo* and *Joseph Callaway,* for respondent.

Johnson, C. J. This is an original proceeding in prohibition, instituted by Mrs. R. M. Kelso against respondent, Dexter Bush, circuit judge, to restrain proceedings in a certain action pending in the Clark County Circuit Court. The pending action sought to be restrained is for damages for personal injuries sustained in an autmomobile collision which occurred upon a State highway in Clark County and in which petitioner's automobile participated.

Petitioner is a nonresident of the State, and service of process was had upon her in the action pending in the Clark County Circuit Court as prescribed by § 1 of act 39 of 1933. The question presented for consideration in this proceeding is the constitutionality of said act. Section 1 provides:

"Section 1. From and after the passage and approval of this act, the acceptance by a nonresident owner, chauffeur, operator, driver of any motor vehicle, except such nonresident owners as may have a designated agent, or agents, within this State upon whom valid and binding service of process may be had under the laws of this State, of the rights and privileges conferred by the laws of the State of Arkansas to drive or operate or permit or cause to be operated or driven a motor vehicle upon the public highways of said State as evidenced by his or its operating or causing or permitting a motor vehicle to be operated or driven thereon or the operation by a nonresident owner or the causing or permitting by such nonresident owner of a motor vehicle to be operated on such highways in the State of Arkansas shall be deemed equivalent to the appointment by such nonresident owner whether such nonresident owner be an individual, firm or corporation, of the Secretary of the State of Arkansas or his successor in office to be the true and lawful attorney and agent of such nonresident owner upon whom may be served all lawful process in any action or proceeding against him or against any such person, firm or corporation growing out of any accident or collision in which said nonresident owner or any agent, servant or employee of any such nonresident owner may be involved while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of the agreement of any such person, firm or corporation which is so served shall be of the same legal force and validity as if served on such person, firm or corporation personally. Service of such process shall be made by serving a copy of the process on the said Secretary of State, and such service shall be sufficient service upon the nonresident owner, provided that notice of such service and a copy of the process are forth-

with sent by registered mail by the plaintiff or his attorney to the defendant at his last known address, and the defendant's return receipt or the affidavit of the plaintiff or his attorney of compliance herewith are appended to the writ or process and entered and filed in the office of the clerk of the court wherein said cause is brought. The court in which the action is pending may order such continuance as may be necessary to afford the defendant or defendants reasonable opportunity to defend the action."

In consideration of the contention urged, it is a cardinal rule of construction that all legislative enactments are presumed to be constitutional and valid. *Patterson* v. *Temple,* 27 Ark. 202; *Leach* v. *Smith,* 25 Ark. 46. And that all doubts in reference to the constitutionality of statutes must be resolved in favor of validity. *Stillwell* v. *Jackson,* 77 Ark. 250, 93 S. W. 7; *Graham* v. *Nix,* 102 Ark. 277, 144 S. W. 214; *Ark. L. & G. Ry. Co.* v. *Kennedy,* 84 Ark. 364, 105 S. W. 885; *Duke* v. *State,* 56 Ark. 485, 20 S. W. 600; *Carson* v. *St. Francis Levee Dist.,* 59 Ark. 513, 27 S. W. 590; *Leep* v. *Railway Co.,* 58 Ark. 407, 25 S. W. 75, 23 L. R. A. 264, 41 Am. St. Rep. 109.

The first contention is that § 1 denies to petitioner due process of law under the State and Federal Constitutions.

The constitutionality of a State statute almost identical in terms to that of § 1 of act 39 of 1933 was sustained by the Supreme Judicial Court of Massachusetts in *Pawloski* v. *Hess,* 253 Mass. 478, 149 N. E. 122, and that it afforded due process of law to the nonresident defendant was sustained by the Supreme Court of the United States in *Hess* v. *Pawloski,* 274 U. S. 352, 47 S. Ct. 632.

Petitioner, recognizing the force of the opinion just cited, contends that § 1 of act 39, *supra,* differs from this legislative enactment in that the Massachusetts statute provides that notice to the nonresident defendant must be sent by registered mail and the Arkansas statute requires only that such notice be sent to the "last known address" of such nonresident defendant; also that the

Massachusetts statute requires the nonresident defendant's return receipt whereas the Arkansas statute is satisfied with the nonresident defendant's return receipt or the affidavit of the plaintiff or his attorney of compliance. That this difference of phraseology is of substance we are cited the case of *Wuchter* v. *Pizzuti,* 276 U. S. 13, 48 S. Ct. 259. The last-cited case arose under a statute of New Jersey, and the court there stated the pertinent inquiry to be, ''The question made in the present case is whether a statute making the Secretary of State the person to receive the process must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the secretary will be communicated to the nonresident defendant who is sued. Section 232 of the Laws of 1924 makes no such requirement, and we have not been shown any provision in any applicable statute of the State of New Jersey requiring such communication.''

The court then disposed of the inquiry by saying: ''We think that a law with the effect of this one should make a reasonable provision for such probable communication. We quite agree, and, indeed, have so held in the Pawloski case, that the act of a nonresident in using the highways of another State may be properly declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner, but the enforced acceptance of the service of process on a State officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the Secretary of State or some officer of the State, without more, it will be entirely possible for a person injured to sue any nonresident he chooses, and through service upon the State official obtain a default judgment against a nonresident who had never been in the State, who had nothing to do with the accident, or whose automobile having been in the State has never injured anybody.''

The language of the opinion quoted does not justify petitioner's position that an enactment which does not require a receipt from the nonresident defendant does not afford due process of law. As we view the opinion, the pertinent inquiry is: does the enactment require "such written communication so as to make it reasonably probable that he (the nonresident defendant) will receive actual notice" of the pendency of the suit? In other words if actual notice to the nonresident defendant is provided for with reasonable certainty in the enactment, it will suffice to afford due process. This conclusion is made certain when we consider other language in the opinion where the court was considering the sufficiency of all legislation imposed against all nonresident automobile owners as follows: "Every statute of this kind therefore should require the plaintiff bringing the suit to show in the summons to be served the postoffice or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant."

This language, in our opinion, demonstrates that the court did not intend to restrict all State legislation against nonresident owners of automobiles operated on the highways of the respective States to such only as might sign a receipt showing actual knowledge of the pendency of the suit, but that such actual knowledge or notice might be shown by such receipt or by written communication transmitted by the plaintiff in the suit or by some other method equally effectual. It must be remembered that the New Jersey act condemned by the court provided no method or means by which actual notice was required to the nonresident car owners, and in this respect act 39 of 1933 is substantially and materially different. In act 39 of 1933 the evidence of actual notice to the nonresident car owner is expressly provided for either by the receipt of the car owner or by the written affidavit of the plaintiff or his attorney of record. Admittedly the notice provided for in act 39 of 1933 may be sent to the last known address of the nonresident car owner, but this does not militate against

actual notice to him. It is a rule of universal application that, when a letter addressed to the last known address of a person, properly stamped, is not returned in response to a return direction, it is presumed that it was received by the addressee. See 22 C. J., p. 101, § 43, and cases cited in note 35.

The Supreme Court of New Hampshire in *Poti* v. *New England Road Machinery Co.*, 83 N. H. 232, 140 A. 587, approved and held constitutional against constitutional attack a statute almost identical with § 1 of act 39 of 1933. The court in the body of the opinion states the substance of this act as follows: "that a nonresident's operation of a motor vehicle on any highway within the State shall be deemed equivalent to the appointment of the commissioner of motor vehicles as his agent, upon whom may be served process in any action arising out of any accident in which he may be involved while thus operating his motor vehicle, and that such operation signifies his agreement that such process so served shall amount to personal service on him within the State, provided the commissioner mails him notice of it." It will be especially observed that the New Hampshire statutes only require that the notice of the pendency of the suit be mailed to the nonresident car owner defendant, whereas our statute requires either a return receipt from the nonresident car owner defendant or an affidavit of the plaintiff or his attorney showing that such notice has been forthwith sent by registered mail to such nonresident owner, or to his last known place of address.

Under a Pennsylvania statute substantially similar to the Massachusetts statute and more nearly identical with § 1 of act 39 of 1933 in that it directed notice of the pendency of the suit to the "last known address" of the nonresident car owner defendant, the Federal district court of Pennsylvania in *Carr* v. *Tennis*, 4 F. Supp. 142, held the statute valid as against constitutional attack grounded upon denial of due process. The third headnote of the opinion reads: "A statute authorizing service on nonresident motor vehicle owners in accident cases by serving secretary of revenue and sending a copy of process to defendant's last known address by

registered mail held not denial of due process (75PS., Pa., § 1201 *et seq.*; Const. Amend. 14).''

A statute of Minnesota almost identical in terms with the Pennsylvania and Arkansas statutes was held valid against constitutional attack in *Jones* v. *Paxton*, 27 F. (2d) 364.

The subject under consideration and related subjects are exhaustively treated in the case notes appended to *State* v. *Davison*, 96 A. L. R. 589, and the curious are referred thereto.

We conclude that § 1 of act 39 of 1933 provides for probable actual notice to nonresident car owner defendants of pending suits in this State, and therefore does not deny to such defendants due process of law under State or Federal Constitutions.

Next petitioner urges that § 2 of said act, which confers upon any of the courts of this State, where service of process is obtained in the manner provided in § 1 of said act, is repugnant to the equal protection afforded by the Fourteenth Amendment to the Constitution of the United States. *Powers Manufacturing Co.* v. *Saunders,* 274 U. S. 490, 47 S. Ct. 678, is cited as decisive of this contention.

In the case last cited this court and the Supreme Court of the United States were dealing with a foreign corporation doing business in this State by express statutory authority. In conformity to and compliance with State law, the appellant designated an agent at Stuttgart in Arkansas County for service of legal process and its principal and only place of business in this State was there located. The suit was instituted at Benton in Saline County against said foreign corporation and service of process was had in Arkansas County. To justify this service of process in the litigation, § 1829 of Crawford & Moses' Digest, as then existing was relied upon. This statute provided for the service of process upon the designated agent of the foreign corporation and after such service conferred jurisdiction upon any court of the State to try and determine the controversy. At that time State statutes did not permit domestic corporations to be sued in a county in which it did no business and had

no office, officer or agent, neither did State statutes permit a natural person to be sued in a county in which he did not reside or was not found for service of process. State-wide venue against foreign corporation as conferred by § 1829 of Crawford & Moses' Digest was condemned because arbitrary and unreasonable when applied against foreign corporation doing business in this State upon the theory that natural persons and domestic corporations were not similarly burdened.

The difference between petitioner's status and that of appellant in *Powers Manufacturing Company* v. *Saunders, supra,* is that petitioner has no place of business or domicile in this State at which to fix local venue or by which to compare her status with that of a domestic corporation or a natural person, and we believe that this difference is substantial and controlling. Petitioner by entry into this State driving an automobile upon its highways impliedly consented that she might be sued in any of the courts of this State as prescribed by act 39, *supra,* and, since she occupied no status localizing venue, as applied to domestic corporations or natural persons domiciled here, she is not denied equal protection of the law as prescribed by the Fourteenth Amendment to the Constitution of the United States.

The Fourteenth Amendment to the United States Constitution, as construed by the Supreme Court of the United States, does not prevent or restrict a State from adjusting its legislation to differences in situations, neither does it forbid classification to that end, but only requires that such classification be not arbitrary. *Traux* v. *Corrigan,* 274 U. S. 337, 42 S. Ct. 124; *Gulf, Colo. & Sante Fe Ry. Co.* v. *Ellis,* 274 U. S. 155, 17 S. Ct. 255; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 31 S. Ct. 337. The necessary requirement is that the classification be pertinent to the subject of classification. As we have heretofore pointed out, petitioner does not occupy the status of a foreign corporation doing business in this State with a local domicile or place of business, and she does not occupy the status of a domestic corporation or natural person domiciled in this State, therefore she is subject to a separate classification as to venue in the

1052

courts of this State, and such classification does not offend against the Fourteenth Amendment or deny her equal protection of the law, as it is not arbitrary or without substance. Moreover, venue statutes of the Commonwealth of Massachusetts in force at the time of the rendition of the opinion in *Hess* v. *Pawloski, supra,* required that all transitory actions against residents of that State should be brought and maintained in the county where one of the parties lives or has his usual place of business or where one of the defendants lives or has his usual place of business or by actual service of process upon a nonresident defendant. See chapter 223, volume 2, Massachusetts General Laws of 1932. The constitutional question whether the Massachusetts statute approved by the Supreme Court of the United States in the case referred to, *supra,* offended against the Fourteenth Amendment by denying equal protection of the law to the nonresident car owner defendants raised itself in said litigation and the court, by approving the statute as otherwise constitutional and valid, impliedly determined that it did not offend the Fourteenth Amendment. At least, this is a cogent circumstance tending to show that the court did not conceive the question of vital importance.

The reasoning heretofore set out is applicable to and disposes of petitioner's contention that act 39 of 1933 is violative of § 18 of art. 2 of the Constitution of Arkansas. See also *State* v. *Johnson,* 172 Ark. 866, 291 S. W. 89.

We conclude, therefore, that act 39 of 1933 is constitutional and valid, and that the service of process upon petitioner in conformity therewith gave to the circuit court of Clark County jurisdiction over the person of the petitioner, and for these reasons the writ of prohibition will be denied.