ALEXANDER *v.* BUSH, JUDGE.

4-5847                                    134 S. W. 2d 519

Opinion delivered December 18, 1939.

*Huie & Huie,* for petitioner.

*Tom W. Campbell, J. H. Lookadoo* and *Joe Norbury,* for respondent.

McHANEY, J. Petitioner is a non-resident individual, doing business as Alexander Motor Company. On April 26, 1939, one of his agents, while driving petitioner's truck over highway 67 in this state, negligently struck and injured one Fred Weeks in the town of Hoxie, in Lawrence county, Arkansas. On November 10, 1939, Weeks brought suit against petitioner in the Clark circuit court in Arkadelphia, some two hundred miles from the scene of the accident, to recover damages for the injuries he alleges he sustained. Service was had on petitioner by service on the secretary of state, under the provisions of act 39 of the Acts of 1933. In due time, petitioner, who was promptly notified by the secretary of state, entered his special appearance in the action and filed a motion to quash the service on the ground

that said act 39, under which said service was had, was void as being in conflict with the Fourteenth Amendment to the Constitution of the United States. The court overruled the motion to quash and petitioner brought this action in this court to prohibit the Clark circuit court from proceeding in the action on the alleged void service.

Petitioner insists that we should overrule our decision in *Kelso* v. *Bush,* 191 Ark. 1044, 89 S. W. 2d 594, "for the reason that act 39, of the Acts of 1933, should require that actual notice of the pendency of the suit be given to the non-resident defendant, or at least that the notice of the pendency of the suit should be left at the usual place of residence of the defendant with a member of the family over 15 years of age, as is provided for the service of summons on a resident individual defendant."

It is not suggested that petitioner did not get "actual notice" of the pendency of this action and we think the act requires such notice to be given before jurisdiction of the defendant is acquired. The last part of § 1 thereof provides: "Service of such process shall be made by serving a copy of the process on the said secretary of state and such service shall be sufficient service upon the said non-resident owner, provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant at his last known address, and the defendant's return receipt or the affidavit of the plaintiff or his attorney of compliance herewith are appended to the writ or process and entered and filed in the office of the clerk of the court wherein said cause is brought. The court in which the action is pending may order such continuance as may be necessary to afford the defendant or defendants reasonable opportunity to defend the action."

As construed in *Kelso* v. *Bush,* and as followed in *Yocum* v. *Oklahoma Tire and Supply Co.,* 191 Ark. 1126, 89 S. W. 2d 919, and *Highway Steel & Mfg. Co.* v. *Kincannon, Judge,* 198 Ark. 134, 127 S. W. 2d 816, and as said in the last mentioned case: "The act affords conven-

ient redress to residents and non-residents alike for injuries received to persons or property while traveling on or using the highways of this state, through the negligent operation of motor vehicles on the highways of the state by any and all non-residents of the state, be he an individual, firm or corporation.''

Since we have sustained the constitutionality of said act, we think it unnecessary to restate the reasons, which will be found in *Kelso* v. *Bush, supra.*

We do agree with petitioner that the act may work a hardship on him and others similarly situated by permitting the suit to be brought in any county in the state, and in not limiting the venue to the county of plaintiff's residence or in which the accident occurred. But, so far as petitioner's brief shows, Weeks may be a resident of Clark county, where the action was brought, as was the plaintiff in the case in *Kelso* v. *Bush.* Whether he was or not, by the express language of § 2 of said act 39, such service ''shall be deemed sufficient service of summons and process to give to any of the courts of this state jurisdiction over the cause of action and over such non-resident owner defendant or defendants, and shall warrant and authorize personal judgment against such non-resident owner defendant or defendants in the event that the plaintiff prevails in the action.'' In the *Highway Steel & Mfg. Co.* case, *supra,* the accident occurred in Sebastian county and suit was brought and sustained in Crawford county, by residents of Crawford county and residents of the state of Missouri, of which state the Highway Steel & Mfg. Co. was a corporation. We there further said: ''These are transitory actions and the petitioner, being a non-resident defendant, may be sued in any of the courts in this state for injuries to the person or property of another caused by its negligent operation of a motor vehicle upon the highways of this state upon service obtained, in the manner provided by said act.'' Appeal to Supreme Court of United States was dismissed, 60 S. Ct. 88, 84 L. Ed. *, for want of any substantial federal question.

The fact that petitioner in that case was a corporation can make no difference, as the act covers individuals

* Paging not available at time of going to press.

as well as corporations. The question of venue is one to be addressed to the legislature and not to the courts and since the legislature has fixed the venue of such actions in these broad terms, the courts are powerless to limit it and must construe the act as written.

We again decline to overrule *Kelso* v. *Bush* and the other cases cited, so the petition for the writ must be denied.