HELLER *v.* WILLIAMS.

4-6647                        160 S. W. 2d 883

Opinion delivered April 13, 1942.

---

*J. F. Quillin,* for appellant.

*Bates, Poe & Bates,* for appellee.

MEHAFFY, J.   On June 17, 1938, Elbert Williams, a youth then 18 years old, broke his arm in cranking an automobile. This injury occurred in Scott county of which young Williams was a resident. He was taken to Mena in Polk county, and placed in charge of Dr. H. G. Heller for treatment. The treatment was not satisfactory and upon its termination J. E. Williams, also a resident of Scott county, as father and next friend of the boy, brought this suit against the doctor for damage, it being alleged that through the incompetency of the doctor an improper union of the bones had been made, which resulted in a deformity of the boy's arm. The father made himself a party to this suit, and sued for damages which he alleged he had personally sustained.

Objection was made to the venue of the suit of the father for his own benefit; but no such objection appears to have been made as to the suit by the father as next friend.

The jury returned the following verdict: "We, the jury, find in favor of the plaintiffs damages of $600." Neither the verdict nor the judgment pronounced thereon indicates how much of this recovery was for the father's personal benefit nor how much for the benefit of the son.

Numerous errors alleged to have been committed during the progress of the trial are assigned, and, among others, that the court was without jurisdiction to try the suit of the father. As we are of opinion that this assignment of error is well taken, we do not consider any other.

We are of opinion that the Scott circuit court had jurisdiction of the suit for the benefit of the son, notwithstanding the service of process having been had in Polk county.

We find it unnecessary to decide whether the lack of jurisdiction was a question which could be and has been waived, because this objection was made as to the suit of the father for his personal benefit and a single verdict was returned. If there could be and has been a waiver of this objection, so far as it relates to the suit for the benefit of the son, the fact remains that it was not waived in the suit of the father, as a single suit was filed and a single verdict returned.

We are all of the opinion that the suit brought by the father for his own benefit in Scott county, upon service of process had in Polk county, should have been dismissed for the want of jurisdiction; and a majority are also of the opinion that the Scott circuit court, under the circumstances stated, had jurisdiction to try the suit of the son.

The jurisdiction of the Scott circuit court is predicated upon Act 314 of the acts of 1939, p. 769, the relevant portion of which reads as follows: "Section 1. All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

We have reached the conclusion that the malpractice of the doctor, arising out of his alleged incompetency, was, within the meaning of this act, a personal injury, to compensate which the injured party has, under the provisions of Act 314, the right to sue for compensation for his injury, either in the county in which he resided at the time of the injury or in the county where the injury occurred.

The word "accident" necessarily means the act causing the injury, and while the accident caused young Williams' arm to be broken, this is not what he is suing for;

he is suing for damages for the wrongful conduct of the doctor in setting his arm. The theory of the case is that, after the accident had occurred which caused the breaking of the arm, the doctor then gave the injured party unskillful treatment, in another county. In other words, this is a suit for damages for malpractice, and the act expressly provides that all actions for damages for personal injuries, etc., shall be brought in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of the injury. The injury complained of by the son was not the breaking of his arm, but that alleged to have been caused by the wrongful conduct of the doctor in setting it. It is not contended that the doctor had any connection with the automobile accident when appellee's arm was broken, but it is contended that the doctor was guilty of wrongful conduct which injured or damaged the young man, and it is for the damages for this alleged wrongful conduct for which suit is brought.

The case of *Cortes, Admr.,* v. *Baltimore Insular Line, Inc.,* 287 U. S. 367, 53 S. Ct. 173, 77 L. Ed. 368, was a suit brought under a federal statute, which provides "That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, . . ." Santiago, after shipping as a seaman, fell ill of pneumonia, and his administrator alleged that his intestate died through lack of attention. It was held that the failure to furnish attention to the seaman was a tort, resulting in personal injury, within the meaning of the statute, for the reason that once the voyage was begun, the seaman was cut off from care and cure unless provided by the officer and crew of the vessel. This failure to furnish care and cure was the proximate cause of the seaman's death.

Here, the proximate cause of the deformity to young Williams' arm was the injury sustained in Polk county. The effect flowing from this cause might have been averted had the injured party been given the skillful care due him from appellant as his physician and surgeon; and this failure was an accident within the meaning of Act 314. No question of venue was involved in the Cortes

case, *supra,* while here it is the only question now being considered.

Act 314 is a venue statute, and it localizes the venue of suits growing out of negligent accidents or occurrences. After the accident which caused the original injury had occurred in Scott county, young Williams was removed to Polk county where appellant's connection with the injury had its inception, and if any liability attaches to appellant through his incompetency or inattention, that liability arose, not in Scott county, but in Polk county.

The first case before us which involved the construction of Act 314 was that of *Coca-Cola Bottling Co.* v. *Kincannon, Judge,* 202 Ark. 235, 150 S. W. 2d 193, 134 A. L. R. 747, in which case the plaintiff alleged she had been sold a polluted bottle of *Coca-Cola,* which she had drunk, thereby sustaining the damages for the compensation of which the suit was brought. It was there insisted that the statute applied only to injuries of a traumatic nature. We held that the act was not thus limited, but covered wrongful acts from which personal injuries result. In so holding we defined the word "accident," appearing in the statute as follows: "The word 'accident' was not used in a metaphysical sense, but as commonly employed and usually understood, and in the act means the incident or the wrongful act which caused the injury."

The incident which caused the injury complained of was the misconduct of the doctor, and this occurred in Polk county. The act, therefore, confers no authority for the father to sue the appellant doctor in Scott county upon service had on him in another county. The judgment must, therefore, be reversed and the cause remanded with directions to quash the summons and the service thereon as to the father's case, and the case of the young man is reversed and remanded for new trial.

Mr. Justice Greenhaw dissents from that part of the majority opinion which holds that the Scott circuit court had jurisdiction of the minor's cause of action, for the reason that under such holding a physician who treats patients from other counties in this state could be forced

to leave the county of his residence, where the treatment was administered, and defend malpractice suits filed against him by patients anywhere they reside in the state; and it is his opinion that actions for malpractice were not included in nor contemplated by Act 314 at the time of its passage, and that such actions against a physician must be brought against him in the county where he resides or is served with summons.

McHANEY and HOLT, JJ., concur in this dissent.