**FORSGREN et al. v. GILLIOZ.**

No. 1060.

United States District Court
W. D. Arkansas, Fort Smith Division.
March 2, 1953.

648

Shaw, Jones & Shaw, Fort Smith, Ark., Robinson & Edwards, Van Buren, Ark., for plaintiffs.

Daily & Woods, Fort Smith, Ark., Edward V. Sweeney, Monett, Mo., for defendant.

JOHN E. MILLER, District Judge.

Plaintiffs filed their complaint in the Crawford Circuit Court alleging, insofar as pertinent to the issues now before the Court, that:

Plaintiffs are partners doing business as Forsgren Bros., a partnership, with its principal place of business in Fort Smith, Sebastian County, Arkansas. They are engaged in the general contracting business including dirt moving, right of way construction, and other kindred activities. Defendant is a resident of Monett, Missouri, and is a general contractor engaged in, among other things, the construction of roads, right of way for roads and other types of heavy construction.

Prior to September 16, 1950, the defendant entered into a general contract, which was designated as Arkansas State Highway Department Job No. 4333, Crawford County, Arkansas, under the terms of which he was to engage in the clearing and construction of the right of way and the building of certain bridges on U. S. Highway 64–71 between Van Buren, Arkansas, and Alma, Arkansas, in Crawford County.

On September 16, 1950, plaintiffs and defendant entered into a contract whereby plaintiffs agreed to take over and subcontract from defendant a certain portion of the work covered by the defendant's general contract. As a part of said contract plaintiffs agreed as subcontractors to do in their entirety certain items of work covered by defendant's general contract at the unit prices established in said contract; and it was further agreed in said subcontract that all the terms and conditions of the general contract were made a part of the said subcontract agreement.

One of the items called for in the subcontract agreement was the removing and re-setting of shrubs of the approximate quantity of 40 at the unit price of $5. The said approximate quantity was merely an estimated quantity and under the general contract the defendant was bound to finally complete all of the items covered in said contract, regardless of the over-run or under-run of the quantities as set out in said contract; under the subcontract agreement, the plaintiffs likewise were bound to

complete all of the items shown in their subcontract at the unit price, regardless of the number of shrubs to be re-set or the over-run or under-run of approximate quantities shown.

As plaintiffs proceeded with the work it was discovered that there were 5,391 shrubs to be removed and re-set and defendant was advised of the large over-run; that the Arkansas State Highway Department interpreted the general contract as covering the work, regardless of the number of shrubs to be re-set, and defendant accepted said interpretation of the general contract.

Plaintiffs' subcontract also covered the over-run at the unit price of $5. They began removing and re-setting the shrubs, but defendant refused to permit plaintiffs to proceed with the work and did the work on his own account, over the protest of plaintiffs. Defendant's refusal to permit plaintiffs to proceed with the removing and re-setting of the entire quantity of shrubs constituted a violation of the terms of their contract with the defendant, for which violation the plaintiffs claim they are entitled to recover damages.

The case was removed to this Court on the grounds of diversity of citizenship of the parties and the amount involved, and on February 14, 1953, the defendant entered his special appearance for the sole purpose of contesting the jurisdiction of this Court, and filed his motion to quash service of summons upon him and to dismiss the complaint for lack of jurisdiction and for improper venue.

As grounds for his motion defendant alleges that he is a citizen and resident of the State of Missouri and has never resided in the Western Judicial District of Arkansas; that on the date of the bringing of this action and at all times since he has had no office or place of business, nor any agent in charge of any office or place of business in the State of Arkansas.

Service of process in this action was attempted under Act 347 of the Acts of Arkansas for the year 1947, but that such Act is not applicable to this action and that the service attempted in this action is unauthorized by the laws of the State of Arkansas and the Federal Rules of Civil Procedure.

That to uphold service under Act 347 would be to deny the defendant the privileges and immunities and the equal protection of the laws guaranteed by the Constitution of the United States.

The attorneys for the respective parties have filed excellent briefs clearly and succinctly stating their contentions and citing authorities in support thereof.

The defendant contends (1) that Act 347 of 1947 applies only to tort actions for the recovery of damages to property and injuries or death to persons, and does not authorize service in an action for breach of contract, and (2) that should the Act be held to apply to actions for breach of contract, it would be unconstitutional since it would violate the equal protection and the privileges and immunities provisions of the Constitution of the United States by authorizing venue in any county in Arkansas as to non-residents while strictly limiting venue in suits against residents.

The plaintiffs contend (1) that Act 347 extends to actions for breach of contract as well as to tort actions, and (2) that the Act is constitutional since the Legislature did not act arbitrarily and the classification made by it, in differentiating between non-residents and residents as to venue, is pertinent to the subject of classification and is reasonable.

The issues as made by the pleadings and the contentions of the parties present to the Court two questions for determination. (1) Does Act 347 of the Acts of the General Assembly of the State of Arkansas for the year 1947 authorize service of process in an action for breach of contract? (2) If said Act does authorize such service, is the Act constitutional?

■ No Federal statute provides for service of process in an action such as that involved herein, and therefore the validity of service in the instant case depends upon the applicability of Act 347 under the law of the State of Arkansas. See Rule 4(d) (7), Federal Rules of Civil Procedure, 28 U.S.C.A.; Green v. Equitable Powder Mfg. Co., D.C.W.D.Ark., 99 F.Supp. 237, 240.

Insofar as the Court is advised, the only court in Arkansas that has passed upon the applicability of Act 347 to actions other than tort actions is the Circuit Court of Garland County, Arkansas. In the case of Hot Springs School District No. 6 v. F. & J. Appliance Co., et al., Honorable C. Floyd Huff, Jr., Circuit Judge, filed a memorandum opinion in which he held that Act 347 applies only to actions for damages to persons or property resulting from an accident caused by the negligence of non-residents, and does not apply to an action based upon breach of implied warranty.

In deciding the applicability, under Arkansas law, of Act 347, the Court is thus faced with the preliminary question of whether this Court is bound to follow the decision rendered by the Circuit Court of Garland County, Arkansas.

In Standard Accident Ins. Co. v. Roberts, 8 Cir., 132 F.2d 794, the Court at page 799 said:

"However, even a dictum in a State decision should be followed by us unless there is positive decision to the contrary. * * * Also, note expressions in Supreme Court opinions to the effect that 'it is the duty of the former [federal courts] in every case to ascertain from all the available data what the state law is and apply it' (West v. American Telephone & Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956) and that decisions of intermediate State courts are to be followed by federal courts as to State law 'unless it [federal court] is convinced by other persuasive data that the highest court of the state would decide otherwise' * * *. Certainly, a clear, unequivocal dictum in an opinion of the highest State court is 'available data' and is sufficiently 'persuasive data' to convince as to what it 'would decide.'"

Under the broad language used by the Court in that case, it seems that an opinion by a Judge of a Circuit Court would be "available data" or "persuasive data." However, subsequent to the rendering of the opinion in the Standard Accident Ins. Co. v. Roberts, supra, the Supreme Court in King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L. Ed. 608, held that the federal courts were not obliged to follow the decisions of the Courts of Common Pleas of South Carolina, which courts are substantially the same as the Circuit Courts in Arkansas. The Supreme Court based its opinion primarily upon the practical difficulties which would ensue if such decisions were binding upon the federal courts. Beginning at page 160 of 333 U.S., at page 492 of 68 S.Ct., the Court said:

"While the Courts of Common Pleas are denominated courts of record, their decisions are not published or digested in any form whatsoever. They are filed only in the counties in which the cases are tried, and even there the sole index is by the parties' names. Perhaps because these facts preclude ready availability to bench and bar, the Common Pleas decisions seem to be accorded little weight as precedents in South Carolina's own courts. * * * Thus a Common Pleas decision does not, so far as we have been informed, of itself evidence one of the 'rules of decision commonly accepted and acted upon by the bar and inferior courts.' Furthermore, as we have but recently had occasion to remark, a federal court adjudicating a matter of state law in a diversity suit is, 'in effect, only another court of the State'; it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court."

The statements made by the Supreme Court concerning the Courts of Common Pleas apply with equal force to the Circuit Courts of Arkansas. The fact that decisions of such courts are not binding upon the federal courts is certainly no reflection upon the ability of the Circuit Courts to interpret and apply the law of Arkansas, but is merely a necessary result of the fact that the decisions of the various Circuit Courts are not readily available to the bench and to the bar, and it would be practically impossible for judges and lawyers to search the records of each Circuit Court in an effort to ascertain the law of the State of Arkan-

sas. The futility of such an effort is demonstrated by the fact that various Circuit Courts at times take opposing views as to particular questions of law and the decision of no one of these courts is binding upon the other. Therefore, while the Court believes that a decision of a Circuit Court of the State of Arkansas is persuasive of what the Arkansas law is, nevertheless such a decision is not binding upon this Court.

 Thus, inasmuch as the Supreme Court of Arkansas has not passed upon the particular question herein considered, the duty devolves upon this Court to decide what the Arkansas law is and to apply that law to the facts appearing in the instant case. See, Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9.

The cause of action in the instant case clearly is based upon an alleged breach of a contract, and the question squarely presented to the Court is whether Act 347 of the Acts of the General Assembly of the State of Arkansas for the year 1947 provides for a valid service of summons issued on a complaint seeking recovery of damages for a breach of contract.

 A cardinal rule of statutory construction is that the intention of the Legislature is to be ascertained and given effect from the language of the Act; each section of the Act is to be read in the light of every other section, and the object and purposes of the Act are to be considered, i. e., the Act is to be construed as a whole. And if the intention of the Legislature is clear from the words used, there is no room for construction. Call v. Wharton, 204 Ark. 544, 547, 162 S.W.2d 916. A fair appraisal and interpretation of Act 347 requires that the Act be read and studied in its entirety. The Act provides:

"Section 1. That all civil actions for the recovery of damages brought against a non-resident of the State of Arkansas may be commenced in the county where the accident occurred which caused the injury, or death, or in the county where the person injured, or killed, resided at the time of the injury. Service of process may be had in any

county of the State where the defendant, or any of them, may be found.

"Section 2. Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and Laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident, or his, its or their agent, servant or employee. Service of such process shall be made by serving a copy of the process on the said Secretary of State, and such service shall be sufficient service upon the said non-resident of the State of Arkansas, provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant at his last known address, and the defendant's written return receipt, or the affidavit of the plaintiff, or his attorney, of compliance herewith are appended to the writ or process and entered in the office of the Clerk of the court wherein said cause is brought. The court in which the action is pending may order such continuance as may be necessary to afford the defendant, or defendants, reasonable opportunity to defend the action.

"Section 3. Service of summons when obtained upon any such non-resident as above provided for the service of process herein shall be deemed sufficient service of summons and process to give to any of the courts of this State jurisdiction over the cause of action and over such non-resident defendant, or defendants, and shall warrant

and authorize personal judgment against such non-resident defendant, or defendants, in the event that the plaintiff prevails in the action.

"Section 4. The provisions of this act shall be applicable both retroactively and prospectively.

"Section 5. Each paragraph, each sentence and each clause of this Act shall be treated and construed as being separable and the invalidity of any paragraph, sentence or clause shall not affect the validity of the other paragraphs, sentences or clauses.

"Section 6. Whereas many non-resident persons, firms, partnerships and corporations are not now qualified under the Constitution and laws of this State to do business herein and by reason of operating business in and through the State of Arkansas injury and damage are being done to persons and property within said State; and whereas in cases of such injury and damage by such non-resident defendants those suffering damages thereby have no convenient method by which they may sue to enforce their rights, if any, in the State of Arkansas, and this Act being necessary for the immediate preservation of the public peace, health and safety, an emergency is hereby declared to exist and this Act shall be in full force and effect from and after its passage and approval."

It will be noted that Section 1 contains the venue provision, i. e., civil actions for the recovery of damages against non-residents may be commenced in the county *where the accident occurred which caused the injury, or death,* or in the county *where the person injured, or killed, resided* at the time of the injury. The section also provides for service in any county where the defendant may be found.

Section 2 relates solely to service of process, and provides that non-residents, not authorized to do business in the State, who do business or perform work or service in the State, shall be deemed to have appointed the Secretary of State as agent for service of process in actions accruing from the doing of such business or the performing of such work or service.

Section 3 merely states that service obtained under the above provisions shall give any of the courts of the State jurisdiction and shall warrant a personal judgment against the non-resident.

Section 4, the retroactive feature of which was held unconstitutional in Gillioz v. Kincannon, Judge, 213 Ark. 1010, 214 S.W.2d 212, and Section 5 are not pertinent to the issues before the Court.

Section 6 is the emergency clause which states that *injury and damage are being done to persons and property within the State* by reason of the operation of business in the State by such non-residents.

When the Act is thus read as a whole, the inescapable conclusion to be drawn therefrom is that State Circuit Judge Huff was substantially correct when he held that the Act was intended and does apply only to actions brought for the recovery of "damages to persons and property resulting from an accident caused by the negligence of non-residents (as defined by the Act)." And while this Court is not bound to follow the decision of Judge Huff, it is persuasive and, insofar as the coverage of Act 347 is concerned, the Court feels that Judge Huff's opinion aptly states the law of Arkansas governing the question then before him. However, the Act applies not only to actions based upon negligence but to all wrongful acts from which personal injury or personal property damage results.

Section 27–610, Arkansas Statutes 1947, Annotated, which fixes venue as to residents, contains substantially the same wording as that used in Section 1 of Act 347 to the effect that actions for damages for personal injuries or death by wrongful act may be brought or commenced "in the county where the accident occurred which caused the injury, or death, or in the county where the person injured, or killed, resided at the time of the injury." See Robinson v. Missouri Pacific Transportation Co., 218 Ark. 390, 397, 236 S.W.2d 575. The only material difference between the two sections, aside from the distinction between residents and non-residents, is that Section

27–610 begins "All actions for damages for personal injury or death *by wrongful act* shall be brought * ´* *,*" whereas Section 1 of Act 347 does not contain the phrase "wrongful act." In Coca-Cola Bottling Company v. Kincannon, Judge, 202 Ark. 235, 150 S.W.2d 193, 134 A.L.R. 747, the Court held that Section 27–610 covered all wrongful acts from which personal injury results. The Court at page 239 of 202 Ark., at page 194 of 150 S.W.2d said:

"The word accident was not used in a metaphysical sense, but as commonly employed and usually understood, and in the act means the incident or the wrongful act which caused the injury. For a pure accident, not caused by negligence or wrongful act, there would be no liability." See also, Heller v. Williams, 204 Ark. 72, 160 S.W.2d 883, and Shultz v. Young, 205 Ark. 533, 169 S.W.2d 648.

In the latter case the Court held that an assault was an "accident" within the meaning of Section 27–610. In speaking of the decision in Coca-Cola Bottling Company v. Kincannon, Judge, supra, the Court at page 536 of 205 Ark., at page 650 of 169 S.W.2d said:

"Stated otherwise, the effect of that holding is that the word 'accident', as used in the Act, is synonymous with the word incident * * *."

■ Of course the Court in those cases construed the word "accident" in context and its construction no doubt was influenced by the phrase "wrongful act." Nevertheless, even without that phrase, the term "accident" as used in Section 1 of Act 347 might well be construed to extend to all "incidents" from which personal injury or personal property damage results. However, for purposes of the instant case, it is immaterial whether the Act applies to all personal injury suits or only to actions based upon negligence of non-residents. The material question is whether the Act applies to contract actions and the Court has reached the conclusion that it does not so apply.

The confusion as to the applicability of Act 347 to actions other than actions for the recovery of damages to persons and property stems from the fact that the compiler of Arkansas Statutes, 1947, Annotated, separated the sections of the Act. Section 1 of the Act is compiled as Section 27–612, Arkansas Statutes 1947, Annotated, and Sections 2 and 3 of the Act are compiled as Section 27–340, Arkansas Statutes 1947, Annotated. Thus separated, it is understandable that Sections 2 and 3 might be construed as applying to other than personal injury and personal property damage actions, but when the Act is read and studied as a whole it is apparent that it provides for venue and service of process in personal injury and personal property damage actions only, arising out of accidents or "incidents" caused by certain non-residents.

Plaintiffs in their brief argue that, "Nowhere in the statute books or any enactments by the Legislature of this State is there a specific provision giving residents of this State recourse on contracts made with non-residents. In view of this fact and in view of the wording of the Act which must be read in its entirety, it is certainly a reasonable construction in construing the Act to interpret it to mean that the Legislature of this State intended by the enactment of the Act to allow residents of this State to bring actions for breach of contract against non-resident corporations, partnerships, etc."

The difficulty with this argument is that it goes more to the wisdom of the Act than to its actual meaning and effect. Perhaps the Arkansas Legislature should provide a means whereby residents might obtain service of process on a non-resident when it is thought that such non-resident has violated the terms of a contract, but the question here is whether the Legislature has done so by the enactment of Act 347, and the Court is convinced it has not.

Plaintiffs also argue that this Court in American Casualty Co. v. Harrison, D.C. W.D.Ark., 96 F.Supp. 537, held that:

"On this action brought to determine rights and liabilities under a *contract* of insurance that service 'under the provisions of Ark.Stats.1947, Sec. 27–340, was perfected in accordance

with the terms thereof, and was sufficient to give this court jurisdiction of the person of said Langman.

" 'Therefore, Langman's motion to dismiss or in lieu thereof to quash return of summons should be overruled.' "

In that case the question whether the action was based upon a contract rather than a tort was not raised, argued or decided by the Court. The question raised and the question decided by the Court was that Langman was "doing business" in the State. It is true that in holding the service valid the Court, inferentially at least, was in effect holding that service could be had under Section 27-340 on an action based upon a contract, but had the question been raised the Court would have been in a position to decide the question according to the Arkansas law, and the Court is now convinced that under the Arkansas law service in an action other than a personal injury or personal property damage action can not be obtained under the provisions of Act 347.

Aside from the fact that Act 347 by its terms does not apply to contract actions, a further index to the meaning of the Act leading to the conclusion that the Act is so limited is the fact that if the Act were construed to include contract actions, it would be unconstitutional, and it is presumed that the Legislature did not intend to enact an unconstitutional Act.

In other words, as to personal injury and personal property damage actions the Act is constitutional since it provides substantially the same venue provisions as to non-residents as are applied to residents by Sections 27-610 and 27-611, Arkansas Statutes 1947, Annotated, that is, venue may be laid in the county where the accident occurred or in the county where the plaintiff resided at the time the cause of action arose.

But, as to contract actions the Act would be unconstitutional because it would discriminate between residents and non-residents as to venue. The discrimination would arise as follows:

Section 1 of Act 347 clearly does not apply to contract actions. The section specifically applies only to civil actions for the recovery of damages which may be commenced in the county *where the accident occurred which caused the injury, or death,* or in the county where the person injured, or killed, resided at the time of the injury. A breach of a contract certainly is not an *accident* which causes *personal injury or death,* and thus if the Act applies to contract actions, Sections 2 and 3 provide the method of service and proper venue in contract actions against non-residents.

Section 3 of the Act provides that:

"Service of summons when obtained upon any such non-resident as above provided for the service of process herein shall be deemed sufficient service of summons and process to give to any of the courts of this State jurisdiction over the cause of action and over such non-resident defendant, or defendants, and shall warrant and authorize personal judgment against such non-resident defendant, or defendants, in the event that the plaintiff prevails in the action."

The Arkansas Supreme Court in the cases of Kelso v. Bush, 191 Ark. 1044, 1050, 89 S.W.2d 594, and Alexander v. Bush, Judge, 199 Ark. 562, 565, 134 S.W. 2d 519, construed the Arkansas Nonresident Motorist Act which provides that "service of process herein shall be deemed sufficient service of summons and process to give to any of the courts of this State jurisdiction over the cause of action and over such non-resident owner * * *", Acts 1933, Act 39, § 2, to confer statewide venue in such actions. See, Buffington v. Vulcan Furniture Mfg. Corp., D.C.W.D. Ark., 94 F.Supp. 13, 14. By the same token, Section 3 of Act 347 would confer statewide venue in contract actions if it applied to such actions.

Thus, as to non-residents, venue would be proper in any county in the State, while as to residents, venue must be in the county in which the defendant resides or is

summoned. Section 27–613, Arkansas Statutes 1947, Annotated; J. H. Phipps Lumber Co. v. Phipps, 176 Ark. 642, 649, 3 S.W.2d 685. The resulting discrimination would be a violation of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

In deciding a case appealed from the Arkansas Supreme Court, the United States Supreme Court in Power Manufacturing Company v. Saunders, 274 U.S. 490, at page 491, 47 S.Ct. 678, at page 679, 71 L.Ed. 1165, said:

"The Arkansas statutes require actions of this character, if against a domestic corporation, to be brought in a county where it has a place of business or in which its chief officer resides, and, if against a natural person, in a county where he resides or may be found; but they broadly permit such actions, if against a foreign corporation, to be brought in any county in the state. * * *

"We think it very plain that the statutes discriminate against foreign corporations, and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial.

"The clause in the Fourteenth Amendment forbidding a state to deny any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws * * *. It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection, but it does require that the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation. * * *

"The state court put its decision on the ground that venue is a question of procedure which the state may determine * * *.

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations. * * *"

The instant case seems to fall squarely within the purview of the rule expressed by the Court in Power Manufacturing Company v. Saunders, supra, but plaintiffs seek to escape the impact of that decision by arguing that discrimination as to venue would be proper because the classification would not be arbitrary and would be pertinent to the subject of classification. In support of this argument plaintiffs cite the cases of Kelso v. Bush, 191 Ark. 1044, 89 S.W.2d 594, and Gillioz v. Kincannon, Judge, 213 Ark. 1010, 214 S.W.2d 212.

■ The answer to this argument is that the final determination of whether Act 347 violates the United States Constitution rests with the Federal Courts, regardless of the decisions of the Arkansas Supreme Court. In Horwitt v. Horwitt, D.C.Conn., 90 F.Supp. 528, the Court at page 529 said:

"There is no question that the United States Supreme Court may review directly the decisions of the highest state courts on the constitutionality, under the Federal Constitution, of state statutes, or that the lower Federal courts may independently determine that state laws subvert rights protected by the United States Constitution, even though the state supreme court may have held that they do not."

See, also, Cohen, Executrix, v. Beneficial Industrial Loan Corp., 337 U.S. 541, 547, 69 S.Ct. 1221, 93 L.Ed. 1528; United States v. Reynolds, 235 U.S. 133, 148, 35 S.Ct. 86, 59 L.Ed. 162; Kerr v. Enoch Pratt Free Library of Baltimore City, 4 Cir., 149 F.2d 212, 215; Rogers v. American Employers' Ins. Co., D.C., 61 F.Supp. 142; Vol. 3 Cyclopedia of Federal Procedure, Third Edition, Section 6.19, Page 191.

And the Court is convinced that Act 347 would be unconstitutional if applied to contract actions.

In Gillioz v. Kincannon, Judge, supra, the Court merely passed upon the general validity of Act 347, and no issue with reference to venue was raised, discussed or decided.

In Kelso v. Bush, supra, the Court construed Act 39 of the Acts of 1933, the then current Non-resident Motorist Act. At that time venue as to resident individual defendants in tort actions for personal injuries was in the county where the defendant resided or in which he was served, while venue as to non-resident individual defendants under Act 39 of the Acts of 1933 was in any county in the State. At page 1051 of 191 Ark., at page 597 of 89 S.W.2d the Court said:

"The difference between petitioner's status and that of appellant in Power Manufacturing Company v. Saunders, supra, is that petitioner has no place of business or domicile in this state at which to fix local venue or by which to compare her status with that of a domestic corporation or a natural person, and we believe that this difference is substantial and controlling. Petitioner, by entry into this state driving an automobile upon its highways impliedly consented that she might be sued in any of the courts of this state as prescribed by Act No. 39, supra, and, since she occupied no status localizing venue as applied to domestic corporations or natural persons domiciled here, she is not denied equal protection of the law as prescribed by the Fourteenth Amendment to the Constitution of the United States."

In other words, at the time of that opinion, the *residence of the defendant* or the place *where he was served* determined the venue as to residents, and the Court held that since a non-resident of course had no residence in the State, there was no way to compare the status of the non-resident with that of a resident, and the Legislature, in classifying non-residents and residents separately, did not act arbitrarily since the classification was pertinent to the subject of the Act.

It is difficult to see how any classification which discriminates between two citizens of the United States as to venue, merely because one is a resident and one a non-resident, can be anything but arbitrary, and the Court is convinced that Kelso v. Bush, supra, does not correctly state the law in this regard and that Act 347, if it were so construed as to apply to contract actions, would violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

In National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, at page 30, 57 S.Ct. 615, at page 621, 81 L.Ed. 893, the Court said:

"The cardinal principle of statutory construction is to save and not to destroy. We have repeatedly held that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act. Even to avoid a serious doubt the rule is the same."

A construction of Act 347 which would render it applicable to contract actions would at least place serious doubts upon the constitutionality of the Act, if not clearly make the Act unconstitutional. On the other hand, if the Act is construed to apply only to actions for personal injuries and personal property damage, it is undoubtedly constitutional as to venue. That is, since the rendition of the opinion in Kelso v. Bush, supra, venue in actions for personal injuries has been changed to the county where the *plaintiff resides* or the county *where the accident occurred,* and, venue in actions brought under Act 347 likewise being in the county where the plaintiff resides or where the accident occurred, precisely the same venue is provided for both residents and non-residents and no question of a violation of the equal protection of the laws can arise.

Therefore, Act 347 of the Acts of the General Assembly of the State of Arkansas for the year 1947 does not authorize service of summons in an action for breach

of contract. Since the purported service under the Act was invalid, the Crawford Circuit Court had no jurisdiction over the person of the defendant, and this Court upon removal of the case likewise acquired no in personam jurisdiction of the defendant.

Service of summons upon the defendant should be quashed and the complaint of plaintiffs dismissed for lack of jurisdiction over the person of the defendant.

An order in accordance with the above is being entered today.